UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRUE BLUE, INC., a Washington corporation,

        Plaintiff,

v.

TIMOTHY P. DYN,

        Defendant.

CASE NO. C09-5328BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

    This matter comes before the Court on Plaintiff's Motion for a Temporary Restraining Order (Dkt. 4). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

    Plaintiff, in the Declarations of Joanna S. Monroe (Dkt. 5) and Jessica Rosner (Dkt. 6), has submitted sufficient specific facts to clearly show that immediate and irreparable injury, loss, or damage will result if Defendant is not temporarily restrained from operating a competing, temporary staffing agency before Defendant can be heard in opposition. Moreover, Plaintiff's attorney, David R. Brutt, claims that he served Defendant's attorney with the summons, complaint, and materials regarding this motion for a temporary restraining order. Dkt. 7, Declaration of David R. Brutt, ¶ 4.

    In its motion, Plaintiff requests that the Court grant expedited discovery and set a preliminary injunction hearing. Dkt. 4 at 18. First, Plaintiff has failed to show that, at

this time, expedited discovery is warranted. Second, Plaintiff has not filed a motion for a preliminary injunction and, therefore, the Court will not set a hearing.

Therefore, it is hereby **ORDERED** that:

1. Defendant is enjoined from

    (a) Engaging in, working for, providing services to, owning, managing, operating, controlling, or otherwise engaging or participating in, or being connected as an owner, partner, principal, creditor, salesman, guarantor, advisor, member of the board of directors of, employee of, independent contractor of, or consultant to, any Conflicting Organization, which is defined as any pe~son, entity, or organization engaged (or about to become engaged) in a business similar to, or that competes with, the business of TrueBlue, including without limitation any person or organization that provides any product, process, or service that is similar to or competes with any product, process, or service provided by TrueBlue. The term "Conflicting Organization" specifically includes StaffEx, Inc. or StaftEx ("StaftEx"), as well as any person, entity, or organization that provides temporary and/or permanent staffing services in connection with manual and/or skilled laborers, including without limitation laborers for jobs in construction, manufacturing, hospitality services, landscaping, warehousing, agriculture, waste and recycling, transportation, event logistics, and retail;

    (b) Employing or continuing to employ Jennifer Rodriguez;

    (c) Employing, soliciting for employment, or otherwise seeking to employ, retain, divert, or take away any TrueBlue employee with whom Defendant worked or whom Defendant supervised or about whom Defendant obtained information during Defendant's employment with TrueBlue, or in any way assisting or facilitating any such employment, solicitation, or retention effort;

    (d) Engaging in any conduct intended or reasonably calculated to induce or urge any TrueBlue employee to discontinue, in whole or in part, his/her employment relationship with TrueBlue;

    (e) Initiating any contact with any individual who (I) has applied for and/or accepted placement in a job by TrueBlue with any individual, business, or other entity whose account Defendant supervised directly or indirectly or to whom Defendant provided services on behalf of TrueBlue at anytime between October 15, 2006 and October 14, 2008 and (ii) about whom Defendant obtained information or with whom Defendant interacted on behalf of TrueBlue ("Candidate") for the purpose of employing, soliciting or employment, or otherwise seeking to employ or retain any Candidate;

    (f) Soliciting any individual, business, or other entity whose account Defendant supervised directly or indirectly or to whom Defendant provided services on behalf of TrueBlue at anytime between October 15, 2006 and October 14, 2008 ("Client") for the purposes of providing temporary and/or permanent staffing services, including without limitation

ORDER - 2

that Defendant be enjoined from initiating any contact or communication with any Client for the purpose of soliciting, inviting, encouraging, recommending, or requesting any Client to do business with a Conflicting Organization in connection with the provision of temporary and/or permanent staffing services;

    (g)    Accepting or doing business with Greater Tampa Bay Auto Auction or any other Client in connection with the provision of temporary and/or permanent staffing services; and

    (h)    Engaging in any conduct intended or reasonably calculated to induce or urge any Client to discontinue, in whole or in part, its patronage or business relationship with TrueBlue.

2.    Plaintiff shall post a bond in the amount of $35,000 with the Clerk of the Court no later than June 12, 2009.

This order shall expire on June 25, 2009, or as otherwise ordered by the Court.

DATED this 11th day of June, 2009.

                                                  BENJAMIN H. SETTLE
                                                  United States District Judge