UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRUEBLUE, INC., a Washington corporation,

Plaintiff,

v.

TIMOTHY P. DYN, an individual,

Defendant.

CASE NO. C09-5328BHS

ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS FEES AND COSTS

This matter comes before the Court on Defendant's Motion for Attorneys Fees and Costs (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 5, 2009, Plaintiff Trueblue, Inc., filed a complaint against Defendant Timothy P. Dyn alleging claims of breach of contract and interference with contract. Dkt. 1 ("Complaint"). On June 9, 2009, Plaintiff filed a Motion for Temporary Restraining Order. Dkt. 4. On June 11, 2009, the Court granted the motion and issued a temporary restraining order. Dkt. 11.

ORDER - 1

On July 2, 2009, Defendant appeared (Dkt. 20) and filed a Motion to Dismiss (Dkt. 21). On September 3, 2009, Plaintiff filed a Notice of Voluntary Dismissal and dismissed its claims under Fed. R. Civ. P. 41(a)(1)(A)(i). Dkt. 25.

On September 15, 2009, Defendant filed a Motion for Attorneys Fees and Costs. Dkt. 26. On September 25, 2009, Plaintiff responded. Dkt. 29. On October 1, 2009, Defendant replied. Dkt. 31.

## II. FACTUAL BACKGROUND

On June 9, 2008, the parties entered into three agreements: (1) the Vice President Employment Agreement ("Employment Agreement") (Complaint, Exh. 1); (2) the Release of Claims agreement that was Exhibit A to the Employment Agreement (Complaint, Exh. 3) and (3) the Vice President Non-Competition Agreement ("Non-Compete Agreement') (Complaint, Exh. 2). Plaintiff concedes that the Non-Compete Agreement "designates the controlling law to be the law of the Florida, where [Defendant] last worked, and contains a prevailing party attorneys' fees clause." Dkt. 29 at 4.

In the complaint, Plaintiff alleged as follows:

> [Defendant] has breached the Non-Compete Agreement and the Release Agreement by failing to perform the conditions, covenants, and obligations required on his part therein. Specifically, Defendant has breached his obligations under Article I, §§ (E), (F), and (G) of the Non-Compete Agreement and Section 3 of the Release Agreement by (i) owning, working for, providing services to, managing, operating, and/or controlling a business which competes with TrueBlue; (ii) soliciting and doing business with a TrueBlue Client; (iii) soliciting and hiring a former TrueBlue Colleague; and (iv) soliciting and hiring TrueBlue Candidates.

Complaint, ¶ 48.

In its motion for a temporary restraining order, Plaintiff argued that the Non-Compete and Release Agreements were enforceable because they "were supported by consideration." Dkt. 4 at 14. Moreover, Plaintiff argued that it was likely to prevail on the merits of its claims because Defendant "ha[d] breached Article I, § E of the Non-Compete Agreement." *Id*. at 16.

ORDER - 2

Defendant claims that, in defense of this action, attorney R. Jeffery Stull has billed $13,657.09 in fees (Dkt. 28, Affidavit of R. Jeffrey Stull) and attorney Steven A. Rockney billed $3,654.00 in fees and $194.44 in costs (Dkt. 27, Declaration of Steven A. Rockney). Defendant also claims that, in researching and preparing Defendant's reply brief, Mr. Rockney billed $420 in fees (Dkt. 32, Declaration of Steven A. Rockney) and attorney Mark A. Stull billed $2,094.50 in fees (Dkt. 33, Declaration of Mark A. Stull).

### III. DISCUSSION

As a threshold matter, Plaintiff argues that "it did not sue under the Non-Compete Agreement." Dkt. 29 at 6. Plaintiff's prior pleadings, however, make it abundantly clear that it sought to enforce the Non-Compete Agreement in this action. In fact, Plaintiff sought temporary relief from the Court by representing to the Court that it was likely to prevail on the merits of its claims because Defendant had breached the Non-Compete Agreement. *See* Dkt. 4 at 14-16. Therefore, Plaintiff's assertion that it did not sue to enforce its rights under the Non-Compete Agreement is inaccurate.

With regard to the choice of law, the Court will accept Plaintiff's concession that Florida law controls the Non-Compete Agreement's prevailing party attorney's fees provision. *See* Dkt. 29 at 4. It should be noted that the agreement does not contemplate entry of judgment prior to an award of attorney's fees. *See* Non-Compete Agreement, Article I, § E. Under Florida law, in the absence of a specific or limiting provision, general law regarding prevailing party status upon voluntary dismissal applies. *Ajax Paving Indus., Inc. v. Hardaway Co.*, 824 So.2d 1026, 1029 (Fla. 2nd Dist. Ct. App. 2002). Generally, when a plaintiff voluntarily dismisses an action, the defendant is deemed the prevailing party for purposes of attorney's fees. *Id.* at 1029; *Thornber v. City of Ft. Walton Beach*, 568 So.2d 914, 919 (Fla. 1990); *Alhambra Homeowners Assoc. v. Asad*, 943 So.2d 316, 319-21 (Fla. 4th Dist. Ct. App. 2006) (analyzing *Thornber* and its progeny in support of the general rule that a voluntary dismissal by plaintiff conveys prevailing party status on defendants); *Shave v. Stanford Fin. Group*, 2008 WL 3200705,

*1 (S.D. Fla. 2008) (relying on Florida's general rule to award attorney's fees to defendants after plaintiff's voluntary dismissal). It is also worth noting that the *Alhambra* court applied the general prevailing party rule even though the plaintiffs subsequently refiled the identical suit and ultimately prevailed on the merits. *Alhambra*, 943 So.2d at 317.

In this case, the Court finds that Defendant is entitled to attorney's fees and costs as the prevailing party under the Non-Compete Agreement. The Court has no discretion to decline to enforce a contractual provision awarding attorney's fees, even if the challenging party brings a meritorious claim in good faith. *Lushkaiani v. Lushkaiani*, 911 So.2d 1154, 1158 (Fla. 2005). Such is the case even where, as here, the plaintiff has later refiled the action. *Alhambra*, 943 So.2d at 317. Therefore, the Court grants Defendant's motion and Defendant shall be awarded attorney's fees and costs under the Non-Compete contract.

The Court finds that the attorney's fees and costs billed by Steven Rockney, Jeffrey Stull, and Mark Stull are reasonable and awards Defendant the amount of $20,020.03.

### IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Attorneys Fees and Costs (Dkt. 26) is **GRANTED** and Defendant is awarded $20,020.03.

DATED this 1st day of December, 2009.

BENJAMIN H. SETTLE
United States District Judge